UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY THOMAS JONES, | No. 2:22-cv-2010 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the filing fee.

I.   Background

On April 25, 2012, a jury found petitioner guilty of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 and armed bank robbery in violation of 18 U.S.C. §§ 2 and 213(a), (b). ECF No. 1-1 at 2-3. During sentencing, the judge determined that petitioner was a career offender and he was sentenced to concurrent terms of 60 months for the conspiracy and 200 months for the armed bank robbery. Id. at 2-3, 7.

II.   The Petition

Petitioner does not challenge the validity of his convictions. Instead, argues that under Mathis v. United States, 579 U.S. 500 (2016), and Descamps v. United States, 570 U.S. 254 (2013), his prior convictions for conspiracy to manufacture cocaine base and attempted distribution of cocaine are not, and have never been, controlled substance offenses, and he is

therefore actually innocent of being a career offender. ECF No. 1 at 6; ECF No. 1-1 at 13-20. Petitioner is currently incarcerated at FCI-Herlong, located in Lassen County, which is part of the Sacramento Division of the United States District Court for the Eastern District of California. See L.R. 120(d).

### III.   Challenging the Validity of a Conviction Under § 2241

#### A. Governing Legal Principles

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

In this case, petitioner is clearly challenging the legality of his sentence. "As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).

> By the terms of section 2255, a prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief."

Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255).

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted). "[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both of those requirements." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012).

> An inquiry into whether a § 2241 petition is proper . . . is critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255. In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . , even if the § 2241 petition contests the legality of a sentence by falling under the savings clause.

Hernandez, 204 F.3d at 865.

If the petition is properly brought as a § 2241 petition, then this action is proper in this court. However, if petitioner does not qualify for the narrow escape hatch exception, relief is unavailable to him under § 2241 and the petition must be dismissed for lack of jurisdiction.

B.  Petitioner Does Not Qualify for the Actual Innocence "Escape Hatch"

In Allen v. Ives, the Ninth Circuit held that a retroactive change of law that changed a predicate crime into a non-predicate crime could allow a petitioner to establish actual innocence of a career offender enhancement for purposes of qualifying for § 2255's escape hatch. 950 F.3d 1184, 1190 (9th Cir. 2020). However, the Ninth Circuit subsequently limited application of Allen to "petitioners who 'received a mandatory sentence under a mandatory sentencing scheme.'" Shepherd v. Warden, FCI-Tucson, 5 F.4th 1075, 1077 (9th Cir. 2021) (quoting Allen v. Ives, 976 F.3d 863, 869 (W. Fletcher, J., concurring in denial of the petition for rehearing en banc)). In Shepherd, the court found that the petitioner in Allen was sentenced before the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), when sentencing guidelines were mandatory, and that the mandatory nature of the guidelines was important when deciding that case. Shepherd, 5 F.4th at 1077.

In this case, petitioner was sentenced in 2012, after the sentencing guidelines were held to be advisory. Moreover, the minute entry from sentencing reflects that the district judge heard and considered petitioner's objections to the career offender designation, determined that the guidelines range was "properly assessed at a range of 262 to 327 months," and that "[c]onsidering the factors under § 3553 and considering the sentence of the co-defendant, the Court finds that a sentence somewhat below the guideline range is appropriate." United States v. Jones, No. 1:11-cr-0530 CMH, (E.D. Va.), ECF No. 139. Petitioner therefore cannot show that he "received a mandatory sentence under a mandatory sentencing scheme."

Because petitioner in this case was sentenced after the guidelines were rendered advisory, he "cannot show that he was actually innocent of the career offender enhancement utilized during sentencing," Shepherd, 5 F.4th at 1078, and he does not qualify for § 2255's escape hatch.

### C. Dismissal is Appropriate

Since petitioner may not challenge his conviction through a § 2241 petition, he must do so in a § 2255 motion, which must be brought in the court which imposed the sentence. Although this court may transfer this action "to any other district or division where it might have been brought," 28 U.S.C. § 1404(a), the petition indicates that petitioner has already pursued a § 2255 motion (ECF No. 1 at 3-4) and there is no indication that the Fourth Circuit has granted petitioner leave to pursue a second or successive § 2255 motion. The court should therefore decline to construe the instant petition as a § 2255 motion and transfer it to the United States District Court for the Eastern District of Virginia, and the petition should be dismissed for lack of jurisdiction. See 28 U.S.C. § 2255(a).

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE