IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

COREY THOMAS JONES,
    Petitioner,

NO. 2:22-cv-2010 AC P

vs.

The Honorable Judge Dale A. Drozd

WARDEN,
    Respondent

FILED MAY 25 2023 CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA BY DEPUTY CLERK

OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

    COREY THOMAS JONES (#17789-083) in the above captioned case proceeding pro se, submits the following reply entitled Objections To Magistrate Judge's Findings and Recommendations.

Arguments and Objections

I.    PETITIONER OBJECT'S TO THE ENTIRE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS...

    On May 2, 2023 Magistrate Judge Allison Claire asserted Petitioner did not qualify for the Actual Innocence "escape hatch" and that because the Petitioner was sentenced somewhat below the guideline range, the Petitioner cannot show that he "received a mandatory sentence under a mandatory sentencing scheme". And that because Petitioner was sentenced after the guidelines were rendered advisory, he "cannot show that he was actually innocent of the career offender enhancement utilized during sentencing", Shepherd, 5 F.4th at 1078, and he does not qualify for 2255's escape hatch, and that dismissal for lack of jurisdiction is appropiate. (See, pages 3-4)

    To be sure, the Petitioner will not recapitulate his arguments again here, other than to note that he identified numerous cases and case law which several Courts granted similiar situated Defendant's like the Petitioner.

Moreover, the Petitioner relies entirely on his previously filed Writ of Habeas Corpus under 28 U.S.C. § 2241 at pages 10 thru 20 that disputes Magistrate Judge Allison Claire erroneous conclusion of the law. The Petitioner wish, however to alert this honorable Court to one additional case that support his Habeas Corpus under 28 U.S.C. § 2241. See, United States v. Cannady, (NO. 20-6906)(4th Cir. March 24, 2023)(defendant's 16 year sentence far exceeded the high end of what the guidelines range would have been without the career offender enhancement. The Appeals Court vacated the District Court decision and remanded for resentencing).

Please be advised, the petitioner asserts that the Cannady's case mirrors his case and that the only difference is the vehicle used to present the claim. The petitioner proceeded by way of 2241 while Cannady succeeded on a 2255...The Judge statements at Cannady's sentencing hearing is similiar to the exact same statements the Petitioner Judge made at his sentencing hearing.

Further, Cannady status as a career offender advisory guideline range was 262-327 months, "the Petitioners was the same". Cannady's was sentenced somewhat under the guidelines to 192 months (16 years), and the Petitioner was sentenced to 200 months (16 and a half years). See, 2020 U.S. Dist. LEXIS 71877 Cannady v. United States: April 23, 2020; also, Magistrate Judge Allison Claire May 2, 2023 Court order at page 3. The Court of Appeals vacated and remanded Cannady's conviction for resentencing. See, United States v. Cannady, (NO. 20-6906)(4th Cir. March 24, 2023). Cannady is facing 10 years without the career criminal enhancement and the defendant is facing the same exact sentence.

2

different. Nevertheless, the availability of relief should be GRANTED as it was in Cannady's case. Further, the defendant has made a strong hurdle of the high bar that the savings clause applies to him. Moreover, persuasive case law in the Petitioner 2241 supports the Petitioner arguments and objections. (The Petitioner again directs this honorable Court to pages 10 thru 20 in Petitioners 2241 petition). WHEREFORE, the Petitioner PRAYS this honorable Court reverse and over-rule Magistrate Judge Allison Claire findings and order the government to respond in an appropiate time frame to the Petitioner Writ of Habeas Corpus under 28 U.S.C. § 2241.

Respectfully Submitted,

Corey Thomas Jones #17789-083
FCI Herlong
P.O. Box 800
Sierra D Unit
Herlong, California  96113

Date May 22, 2023