UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY THOMAS JONES,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | No. 2:22-cv-02010-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION DUE TO LACK OF JURISDICTION<br><br>(Doc. No. 4) |

Petitioner Corey Thomas Jones is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 2, 2023, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed. (Doc. No. 4.) Therein, the magistrate judge concluded that this court lacks jurisdiction over the pending § 2241 petition because petitioner's challenge to his sentence based upon a finding that he was a career offender is one that did not qualify under the escape hatch of 18 U.S.C. § 2255 under the circumstances of his case. (*Id.* at 1–4.) Rather, the magistrate judge found, petitioner's exclusive avenue for challenging his sentence was by way of motion pursuant to § 2255 brought in the Eastern District of Virginia where he was sentenced. (*Id*.)

/////

1  The pending findings and recommendations were served upon the parties and contained
2  notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*
3  at 4.)
4  On May 25, 2023, the court received petitioner's objections to the pending findings and
5  recommendations. (Doc. No. 7.) Thereafter, on June 12, 2023, the court received petitioner's
6  supplemental objections. (Doc. No. 8.) The undersigned has considered petitioner's objections
7  as raised in both of those filings. Respondent filed no response to petitioner's objections.
8  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
9  *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
10 pending findings and recommendations are supported by the record and proper analysis.
11 In his objections, petitioner essentially argues that he is entitled to relief here because in a
12 case factually similar to his, *where the petitioner sought relief pursuant to a § 2255 motion*
13 *brought in the sentencing court*, relief in the form of remand for resentencing was granted. (Doc.
14 Nos. 7 at 2–3; 8 at 2–3) (citing *United States v. Canady*, 63 F.4th 259 (4th Cir. 2023)). Here,
15 however, petitioner seeks relief from this court pursuant to § 2241. The argument presented in
16 petitioner's objections therefore provides no basis to call into question the magistrate judge's
17 analysis. Rather, the pending § 2241 petition is subject to dismissal under binding Ninth Circuit
18 precedent. *See Shepherd v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1077–78 (9th
19 Cir. 2021); *see also Mendoza v. Salazar*, 856 Fed. App'x 67 (9th Cir. Aug. 11, 2021).[1]
20 Having concluded that the pending petition must be dismissed, the court turns to the issue
21 of whether a certificate of appealability should issue or is required. A petitioner seeking writ of
22 habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See*
23 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). A certificate of
24 appealability is required for a successive § 2255 motion that is disguised as a § 2241 petition. *See*
25 *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007
26 (9th Cir. 2001). Such is the case here. If a court denies a petitioner's petition, the court may only

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on May 2, 2023 (Doc. No. 4) are adopted in full;

2. The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 29, 2023**

UNITED STATES DISTRICT JUDGE