UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY THOMAS JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　Respondent. | No. 2:22-cv-02010-DAD-AC (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 11) |

　　　　Petitioner Corey Thomas Jones is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 29, 2023, the undersigned adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 4) and dismissed petitioner's § 2241 habeas petition due to a lack of jurisdiction. (Doc. No. 9 at 1.) Specifically, the court concluded that jurisdiction is lacking because "petitioner's challenge to his sentence based upon a finding that he was a career offender is one that did not qualify under the escape hatch of 18 U.S.C. § 2255 under the circumstances of his case," and "petitioner's exclusive avenue for challenging his sentence was by way of motion pursuant to § 2255 brought in the Eastern District of Virginia where he was sentenced." (*Id.*) Judgment was entered on June 30, 2023. (Doc. No. 10.) On July 31, 2023, petitioner appealed the court's order to the Ninth Circuit Court of Appeals (Doc. No. 12) and filed

1

the pending motion for reconsideration of the court's order dismissing his petition.  (Doc. No. 11).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control."  *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, petitioner's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its finding that this court lacks jurisdiction over petitioner's § 2241 habeas petition.  Instead, petitioner merely restates the same arguments that he had asserted in his

2

objections to the magistrate judge's findings and recommendations (Doc. No. 7), which the undersigned already addressed and rejected (Doc. No. 9). Petitioner simply has provided no basis under Rule 60(b) to support reconsideration of the court's order dismissing his petition.

Accordingly,

1. Petitioner's motion for reconsideration (Doc. No. 11) is denied; and

2. This case shall remain closed.

IT IS SO ORDERED.

Dated: **October 13, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE